53 So.3d 1235 (2011)
D.W.G., a Child, Appellant,
v.
STATE of Florida, Appellee.
No. 1D10-4547.
District Court of Appeal of Florida, First District.
February 16, 2011.
Nancy A. Daniels, Public Defender, and Archie F. Gardner, Jr., Assistant Public Defender, Tallahassee, for Appellant.
Pamela Jo Bondi, Attorney General, and Christine Ann Guard, Assistant Attorney General, Tallahassee, for Appellee.
PER CURIAM.
The appellant, D.W.G., appeals an order from the trial court, which departed from the Department of Juvenile Justice's (DJJ) recommendation that D.W.G. be placed on probation, and instead committed D.W.G. to a moderate-risk commitment program. Because the trial court failed to engage in the analysis required by E.A.R. v. State, 4 So.3d 614 (Fla.2009), we reverse.
"In E.A.R. v. State, 4 So.3d 614, 638 (Fla.2009), the supreme court `announced a new, more rigorous analysis in which a trial court must engage before departing from DJJ's recommendation.'" *1236 T.M. v. State, 48 So.3d 1007, 1008 (Fla. 1st DCA 2010) (quoting M.J.S. v. State, 6 So.3d 1268, 1269 (Fla. 1st DCA 2009)). In order to depart, the trial court must explain why one restrictiveness level is more appropriate than another. E.A.R., 4 So.3d at 638. The trial court may do so by first "[a]rticulat[ing] an understanding of the respective characteristics of the opposing restrictiveness levels," and "[t]hen logically and persuasively explain[ing] why, in light of these differing characteristics, one level is better suited to serving both the rehabilitative needs of the juvenile-in the least restrictive setting-and maintaining the ability of the State to protect the public from further acts of delinquency." Id.
Here, the trial court failed to engage in the appropriate analysis set forth in E.A.R. to comply with the "highly specific statutory requirements." T.M., 48 So.3d at 1009. As required by E.A.R., the court should have compared the relevant features of the various restrictiveness levels, "with a focus on the appropriateness of each setting as a tool for achieving the rehabilitative goal." T.M., 48 So.3d at 1009. Accordingly, we reverse and remand to provide the trial court with an opportunity to enter an order fulfilling the requirements set forth in E.A.R., or, if it cannot do so, to impose DJJ's recommendation. C.B. v. State, 16 So.3d 1049, 1051 (Fla. 1st DCA 2009).
LEWIS, CLARK, and ROWE, JJ., concur.